IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,779-01






EX PARTE TOM E. HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-98-0597-BWHC1 IN THE 158TH DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child and three counts of indecency with a child by contact and
sentenced to terms of forty-five years' imprisonment and fifteen years' imprisonment, respectively. 
The Second Court of Appeals affirmed his conviction. Horton v. State, No. 2-05-203-CR (Tex. App.
- Fort Worth, December 7, 2006, pet. ref'd, untimely).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
the State presented evidence of numerous offenses on unspecified dates but counsel failed to request
an election.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). If the defense had properly requested an election, the trial court would have
committed constitutional error by failing to have the State elect. An election would have forced the
State to formally differentiate the specific evidence upon which it relied as proof of the charged
offenses from evidence of other offenses or misconduct that were offered only in an evidentiary
capacity. Phillips v. State, 193 S.W.3d 904 (Tex. Crim. App. 2006). Here, an election would have
also developed the record as to the ex post facto claim that was raised and rejected on direct appeal. 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 Trial counsel filed one affidavit in which he addressed this claim as if Applicant had alleged
ineffective assistance of counsel for failing to move for a severance. Counsel did not address the
failure to request an election. The trial court shall provide Applicant's trial counsel with another
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney in failing to request an election was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 28, 2008

Do not publish